**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **LUIS FELIPE MANGUAL, JR.,** | * |
| Petitioner, | * |
| v. | * Civil Case No.: RWT-09-2611 |
| | * Criminal Case No.: RWT-04-235 |
| **UNITED STATES OF AMERICA,** | * |
| Respondent. | * |

### MEMORANDUM OPINION

In 2004, Petitioner Luis Felipe Mangual, Jr. was indicted in a large drug conspiracy case. See Indictment, ECF No. 1. In the Fifth Superseding Indictment, Petitioner was charged with (a) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, one kilogram or more of heroin, and fifty grams or more of cocaine base in violation of 21 U.S.C. § 846 (Count One); (b) use of a communications device in furtherance of the drug conspiracy charged in Count One in violation of 21 U.S.C. § 843(b) (Counts Two, Four, Six, Seven, Nine through Thirteen, Sixteen, Eighteen, Nineteen, and Twenty-Three through Thirty); (c) possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841 (Counts Three, Five, Six, and Eight); possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841 (Count Fourteen); (d) interstate travel to facilitate the drug conspiracy in violation of 18 U.S.C. § 1952 (Count Twenty); (e) money laundering in violation of 18 U.S.C. § 1956 (Count Twenty-One); and (f) conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956 (Count Twenty-Two). See Fifth Superseding Indictment, ECF No. 723.

On March 21, 2006, prior to trial, he notified the Court and Government that he would be pleading guilty to all counts of the Fifth Superseding Indictment without a written plea agreement. See Gov't Opp'n 2, ECF No. 1354; Mot. To Vacate 4, ECF No. 1311. That afternoon, the Court held a proceeding pursuant to Federal Rule of Criminal Procedure 11, during which Petitioner pleaded guilty to Counts One through Fourteen, Sixteen, and Eighteen through Thirty of the Fifth Superseding Indictment. See Gov't Opp'n 2. On October 25, 2006, the Court imposed a sentence of life imprisonment and ten years of supervised release on Counts One and Fourteen; forty-eight months imprisonment and one year of supervised release on Counts Two, Four, Six, Seven, Nine through Thirteen, Sixteen, Eighteen, Nineteen, and Twenty-Three through Thirty; and a sentence of 240 months imprisonment and three years of supervised release on Counts Twenty-One and Twenty-Two. See Judgment, ECF No. 992.

Petitioner filed a timely notice of appeal to the U.S. Court of Appeals for the Fourth Circuit, and the Fourth Circuit decided the case by an unpublished opinion on May 22, 2008. See United States v. Mangual, 278 F. App'x 267 (4th Cir. 2008). The Fourth Circuit found no error and affirmed this Court's decisions. See id. at 270. Petitioner subsequently appealed to the Supreme Court of the United States, which denied certiorari. Mangual v. United States, 129 S. Ct. 318 (2008).

On October 6, 2009, Petitioner filed this motion to vacate, set aside or correct his sentence. See Mot. To Vacate, ECF No. 1311. In his accompanying memorandum, Petitioner raises arguments relating to (A) issues raised on appeal, (B) ineffective assistance of counsel, and (C) insufficient evidence to support his sentence. Each of these arguments will be addressed in turn.

**A**

In the memorandum accompanying his motion, Petitioner argues that (1) his right to due process at sentencing was denied by this Court's finding that he was a manager or supervisor in the criminal conspiracy and imposition of a three-level enhancement as a result, see id. at 16–18; (2) his rights under the U.S. Constitution were violated by this Court's imposition of a life sentence for Petitioner's narcotics trafficking where there was no violence and other more culpable participants were not punished as severely, see id. at 18–26; and (3) that this Court erred by holding him responsible for a firearm possessed by a co-conspirator, see id. at 30–31.

In Mangual, the Fourth Circuit considered Petitioner's arguments that this Court erred by (1) determining that he held a supervisory role within the conspiracy; (2) imposing an unreasonable sentence; and (3) determining that he should be held responsible for a firearm possessed by a coconspirator. See id. at 269–70. The Fourth Circuit concluded that this Court (1) did not clearly err in finding that Petitioner's role within the conspiracy justified a three-level enhancement under the sentencing guidelines, see id. at 274; (2) did not abuse its discretion in sentencing Petitioner to life in prison, see id. at 275; and (3) did not err in imposing a two-level enhancement for possession of a firearm in furtherance of the conspiracy, see id. at 273.

A motion under 28 U.S.C. § 2255 may not be used to relitigate an issue decided on direct appeal absent an intervening change in the law warranting reconsideration. See Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. Untied States, 537 F.2d 1182, 1183 (4th Cir. 1976). Because the Fourth Circuit already addressed Petitioner's challenges to the sentence enhancement based on his leadership role in the conspiracy, the substantive reasonableness of his sentence, and the sentence enhancement based on his responsibility for a firearm possessed by a coconspirator, these three arguments will not be reconsidered.

**B**

Petitioner also argues that his trial attorney, William C. Brennan, Jr., provided ineffective assistance of counsel by (1) misinforming Petitioner that he would not receive a life sentence if he pleaded guilty; (2) misinforming Petitioner that he would not receive a two point enhancement for the gun possessed by a co-conspirator; and (3) taking a position counter to Petitioner's goal of gaining acceptance of responsibility credit by maintaining innocence as to the heroin charge. See Mot. To Vacate 11–15, 17–18, 27–30.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. Id. at 687. A defendant claiming ineffective assistance of counsel must show that counsel's representation fell below an objective standard of reasonableness, id. at 688, and that counsel's deficient performance prejudiced the defendant, id. at 694. In applying the first prong, courts "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," id. at 690, and "[j]udicial scrutiny of counsel's performance must be highly deferential," id. at 689. In applying the second prong, a court must ask whether the defendant has shown that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. If a defendant alleges ineffective assistance of counsel following entry of a guilty plea, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (quotation marks omitted).

Petitioner fails to meet his burden of demonstrating ineffective assistance of counsel. Regarding the first prong of Strickland, Petitioner provides no more than his self-serving

statements to support his contentions that his counsel misinformed him of the consequences of his guilty plea or the law on co-conspirator liability for gun possession, and deviated from his wishes by maintaining Petitioner's innocence as to his part of the heroin conspiracy. Petitioner's assertions strain credulity. The Court highly doubts that Mr. Brennan told Petitioner that he would not be sentenced to life in prison or that he would not be subject to a two-point enhancement for his co-conspirator's gun possession. Even more unconvincing is Petitioner's contention that his counsel was acting contrary to Petitioner's wishes when he asserted to the Court that Petitioner maintained his innocence on that portion of the drug conspiracy count. Indeed, Petitioner maintains in his § 2255 motion that he was not involved in heroin distribution by arguing that there was insufficient evidence supporting that charge. See Mot. To Vacate 33; see also infra Part C.

In any event, Petitioner's ineffective assistance of counsel claims fail under the second prong of Strickland because he has not and cannot show prejudice. First, Petitioner has not shown a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Not once does Petitioner allege that he would have insisted on going to trial if his counsel had informed him that the Court might impose a life sentence or a two-level enhancement for gun possession of a co-conspirator. The absence of such statements is fatal to his claims arising out of counsel's provision of misinformation, although unsurprising in light of Petitioner's acknowledgment that he was facing a strong likelihood of a life sentence if he proceeded to trial. See Mot. To Vacate 6, 7, 11, 15.

Second, the Court cured any alleged defects in assistance provided by counsel at the Rule 11 hearing and at sentencing. At the Rule 11 proceeding, the Court advised Petitioner numerous times that he faced the possibility of life imprisonment. See Gov't Opp'n 22. At sentencing, the

5

Court gave Petitioner at least two opportunities to refute the allegedly unauthorized position taken by his counsel and made clear to Petitioner the impact his position of innocence as to the heroin charges was going to have on his acceptance of responsibility credit. See id. 25–26 (quoting sentencing transcript). Also at sentencing, the Court stated that the acceptance of responsibility point levels it withheld from Petitioner had essentially no impact on its ultimate sentencing decision. See id. at 26. Thus, Petitioner's ineffective assistance of counsel claims clearly fail under the second prong of the Strickland test.

C

Lastly, Petitioner asserts that his conviction on Count One, as least as to the heroin distribution, is defective by reason of insufficient evidence because Petitioner never agreed to distribute heroin and heroin distribution was not a reasonably foreseeable outgrowth of his agreement to distribute cocaine. See id. at 32–33. The Court again concludes that there was ample evidence at sentencing to impose punishment on Petitioner for his part in the heroin aspect of the larger drug conspiracy. During the arraignment and plea entry, the Government proffered that it would put on a recording of an intercepted phone call between Petitioner and his co-conspirator father from April 21, 2004, in which the two discussed buying one kilogram of heroin, which Petitioner would test, and, if acceptable, would purchase with an additional five kilograms of heroin. See Gov't Opp'n 31. The Government also proffered that it would introduce the father's ledger showing that Petitioner himself received 310 grams of heroin on various occasions. See id.; see also Mangual, 278 F. App'x at 270–71 (describing the contents of the ledger). This proffered testimony and evidence was sufficient to show that Petitioner agreed to be part of the heroin conspiracy.

For the foregoing reasons, Petitioner's motion will be denied by a separate order.

Date: August 27, 2010                                  /s/
                                            ROGER W. TITUS
                                      UNITED STATES DISTRICT JUDGE